Xiong v. Holder

BIA
Christensen, IJ
A200 922 420

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of December, two thousand fourteen.

PRESENT:
> PIERRE N. LEVAL,
> GUIDO CALABRESI,
> GERARD E. LYNCH,
> *Circuit Judges.*

_____

YUE XIONG,
> *Petitioner,*

v.            13-2626

                      NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:      Gerald Karikari, New York, New York.

FOR RESPONDENT:      Stuart F. Delery, Assistant Attorney General; Francis W. Fraser, Senior Litigation Counsel; Gary J. Newkirk, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Yue Xiong, a native and citizen of the People's Republic of China, seeks review of a June 13, 2013 decision of the BIA, affirming the December 21, 2011 decision of an Immigration Judge ("IJ") denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yue Xiong*, No. A200 922 420 (B.I.A. June 13, 2013), *aff'g* No. A200 922 420 (Immig. Ct. N.Y. City Dec. 21, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as modified by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008) (per curiam). The agency may, "[c]onsidering the totality of the circumstances," base a credibility finding on an asylum applicant's demeanor, and inconsistencies in his statements and other record evidence "without regard to whether" they go "to the heart of the

2

applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64.

Substantial evidence supports the agency's determination that Xiong was not credible. The IJ found that Xiong was not credible because her testimony was inconsistent with that of her sister as to when her sister last visited China, whether Xiong told her sister before leaving China that she was a Falun Gong practitioner and had been arrested, and whether Xiong's husband ate dinner with her and her sister on the night before the hearing. The IJ also found Xiong not credible because her testimony about her travel documents was inconsistent and incoherent. The record supports each of these findings.

Xiong argues that the IJ should have credited her testimony over her sister's and contends that her inconsistent testimony regarding her travel documents should not be held against her because it was "immediately corrected." Pet. Br. at 7-8. The IJ was not, however, required to credit these explanations considering that Xiong provides no reason why she is more credible than her sister, and her correction, which occurred after she was confronted with documentary evidence, does not negate the inconsistency in her testimony. *See Majidi v. Gonzales*, 430 F.3d 77, 81 (2d Cir. 2005) (holding that an agency need not credit an

applicant's explanations for inconsistent testimony unless those explanations would compel a reasonable fact-finder to do so).

These inconsistencies call into question important aspects of Xiong's claim, including whether Xiong was in China at the time of the alleged persecution and whether she was, or is, a Falun Gong practitioner. The totality of the circumstances therefore supports the agency's adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167. Because all of Xiong's claims turn on her credibility, the adverse credibility determination is dispositive of her claims for asylum, withholding of removal, and CAT relief. *Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DENIED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4